IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| Patrick Horgan, | ) | PER CURIAM DECISION |
| | ) | |
| Petitioner and Appellant, | ) | Case No. 20110676-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (August 2, 2012) |
| State of Utah, | ) | |
| | ) | 2012 UT App 216 |
| Respondent and Appellee. | ) | |

-----

Fifth District, St. George Department, 001500268
The Honorable James L. Shumate

Attorneys:    Patrick Horgan, Salt Lake City, Appellant Pro Se
                Brock R. Belnap and Zachary J. Weiland, St. George, for Appellee

-----

Before Judges McHugh, Davis, and Christiansen.

¶1    Patrick Horgan appeals the trial court's order denying his petition to expunge the records of his conviction on various misdemeanor charges. We affirm.

¶2    Horgan asserts that the trial court erred because the court inappropriately shifted the burden of proof to Horgan to show that he was entitled to expungement. Horgan argues that the prosecution was obligated to prove by clear and convincing evidence that it would be contrary to the public interest to grant the expungement. He is incorrect because the expungement statute was amended to clarify the standard of proof and to place the burden on petitioners. *See* Utah Code Ann. § 77-40-107 (Supp. 2011). The amended statute was in effect when Horgan filed his petition for expungement.

¶3     The prior expungement statute provided that the court "shall issue" a certificate of expungement "unless there is clear and convincing evidence to persuade the court that it would be contrary to the interest of the public to grant a requested expungement." *Id.* § 77-18-13(2) (2008).  In contrast, the current expungement statute places the burden of showing the effect on the public interest on the petitioner. *See id.* § 77-40-107 (Supp. 2011).  If an objection is made to a petition for the expungement of records, the court "shall set" a hearing on the petition. *See id.* § 77-40-107(6).  After hearing, the court "shall issue an order of expungement if it finds by clear and convincing evidence that . . . it is not contrary to the interests of the public to grant the expungement." *Id.* § 77-40-107(8).

¶4     In this case, the prosecution argued at the hearing that the expungement would be contrary to the public interest because of the nature of the crimes and the number of victims.  Horgan did not put on any evidence to refute that assertion and show, by clear and convincing evidence, that the expungement would not be contrary to the public interest.  In fact, Horgan did not appear at the hearing and, thus, he waived his opportunity to make the required showing under the statute.

¶5     To the extent that Horgan tries to raise other issues in his brief, we decline to reach them because they are inadequately briefed. *See* Utah R. App. P. 24 (setting out requirements and standards for appellate briefs).  Horgan provides no cogent legal analysis on the issues and primarily spends his effort insulting the character and intelligence of both the prosecutor and the trial court.  This court may refuse to consider inadequately briefed issues. *See State v. Lee*, 2006 UT 5, ¶ 22, 128 P.3d 1179.

¶6     Affirmed.


_____
Carolyn B. McHugh,
Presiding Judge


_____
James Z. Davis, Judge


_____
Michele M. Christiansen, Judge